## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

Case No. 13cv3024-JPH

MICHAEL JOHN PACHECO,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 16, 19. Attorney Thomas A. Bothwell represents plaintiff (Pacheco). Special Assistant United States Attorney Catherine Escobar represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 19.

### JURISDICTION

Pacheco protectively applied for disability income benefits (DIB) on December 10, 2009 alleging disability beginning June 16, 2008 (Tr. 162-68). His

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

claim was denied initially and on reconsideration (Tr. 93-95; 102-03). Administrative Law Judge (ALJ) Marie Palachuk held a hearing January 9, 2012. Pacheco, represented by counsel, testified. Medical, psychological and vocational experts also testified (Tr. 37-80). On January 27, 2012, the ALJ issued an unfavorable decision (Tr. 12-29). The Appeals Council denied review (Tr. 1-5).  On February 20, 2013 Pacheco appealed pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the decision below and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Pacheco was 34 years old at onset and 37 at the hearing. He has an eleventh grade education and has not earned a GED. He has worked as an emergency medical technician, meat cutter, meat manager and cabinet maker. He worked as a meat cutter the longest, twelve years, but suffered a repetitive use injury in his right wrist/hand on the job in February 2008. He last worked in June 2008. He has undergone surgery for carpal tunnel release and "tendon re-routing" on the right wrist. Pacheco alleges physical and mental limitations, including loss of grip strength and hand numbness, back and neck pain, insomnia, headaches, depression and anxiety (Tr. 27, 55-57, 59-60, 66-70, 72-73, 162, 182, 594, 625).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**ALJ'S FINDINGS**

ALJ Palachuk found Pacheco was insured through December 31, 2013 (Tr. 12, 14). At step one, the ALJ found Pacheco did not work at substantial gainful activity levels after onset (Tr. 14). At steps two and three, she found Pacheco suffers from status post right carpal tunnel release; cervical degenerative disc disease (DDD); status post deep vein thrombosis January 2011 and depressive, anxiety and

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 6

pain disorders secondary to general medical condition, impairments that are severe but do not meet or medically equal a Listed impairment  (Tr. 14-15). The ALJ found Pacheco less than fully credible, a finding he does not challenge on appeal. She assessed an RFC for a range of light work (Tr. 18-22). At step four, she relied on the vocational expert and found Pacheco is unable to do any of his past work (Tr. 27). At step five, again relying on the VE, the ALJ found Pacheco can do other work such as fruit cutter, parking lot attendant and photo finisher (Tr. 27-28). Accordingly, the ALJ found Pacheco is not disabled as defined by the Act (Tr. 29).

**ISSUES**

Pacheco alleges the ALJ erred when she (1) weighed four medical opinions (2) found his mental impairments do not meet or equal Listings 12.04, 12.06 and 12.07 and (3) failed to meet her step five burden. ECF No. 16 at 12-20. Specifically, he alleges the ALJ should have given more credit to the opinions of treating professionals Drs. Johansen, Thysell and Montgomery, and to examining psychologist Dr. Billings. ECF No. 16 at 12-17. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm.  ECF No. 19 at 2.

**DISCUSSION**

*A. Credibility*

Pacheco does not address the ALJ's credibility assessment, making it a verity

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 7

on appeal. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). His main challenge on appeal is of the ALJ's assessment of conflicting medical evidence. The court addresses credibility because the ALJ considered it when she weighed the significantly conflicting medical evidence.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ's reasons are clear and convincing.

ALJ Palachuk relied, in part, on Pacheco's activities, inconsistent statements, unexplained or inadequately explained lack of treatment and noted observable pain behavior when she assessed his credibility. Activities such as the ability to ride a dirt bike motorcycle are inconsistent with Pacheco's allegation he is unable to grip. Pacheco testified that prescribed medications make him drowsy, but he did not report this to health care providers. He has given multiple contradictory reasons for not finishing high school (substance abuse, did not like school, father withdrew him for safety reasons); and inconsistently reported he was late for an exam because he

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

overslept but later said it was due to a panic attack. Mental health treatment has been very infrequent. He testified he had six mental health visits. Dr. Martin testified the record showed prescribed psychotropic medication was effective. Pacheco reported mood improvement with prescribed antidepressants. Pacheco testified he did not follow up with Kaj Johnson, M.D., the surgeon who performed thoracic outlet compression on February 2, 2011, after he left the hospital. He stated Dr. Johnson suggested he go to physical therapy but he was not able to "because of the L and I situation" and he was unable to afford it, but he had started seeing a chiropractor. Examining doctors note Pacheco "exhibits marked observable pain behavior suggesting symptom embellishment," including nonphysiologic patterns of pain. At times he gives "very poor effort" (Tr. 18-19, 22, 41-42, 52, 70, 289-90, 300, 305-06, 336, 338-39, 362, 387, 390-91, 395, 399, 570, 699-700, 754).

The ALJ's reasons are clear, convincing and supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistencies between statements and conduct, extent of daily activities and failure to give maximum or consistent effort during medical evaluations are properly considered ); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(inadequately explained lack of consistent treatment properly considered) and *Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006)(impairments controlled effectively with medications are not disabling for the purpose of determining SSI

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

benefit eligibility).

   *B. Psychological limitations*

   Pacheco alleges the ALJ failed to properly credit the contradicted opinions of examining psychologist Emma Billings, Ph.D., and treating psychiatrist Fred Montgomery, M.D. ECF No. 16 at 16-17. The Commissioner responds that the ALJ's reasons are specific, legitimate and supported by the record.

   Dr. Billings. Pacheco alleges the ALJ should have credited Dr. Billings' opinion that Plaintiff's social presentation would likely be unacceptable in an employment situation. ECF No. 16 at 16, referring to Tr. 368. The Commissioner answers that the ALJ properly relied on the opinion of examining psychiatrists Douglas Robinson, M.D. (about two weeks after Dr. Billings' evaluation), Gwenyth McConnell, M.D., in 2009 and Russell Vandenbelt, M.D., in 2011. All opined that Pacheco's psychiatric condition creates no work-related limitations. The Commissioner also observes the social presentation aspect of Dr. Billings' opinion is inconsistent with her own notes. ECF No. 19 at 10-12.

   The Commissioner is correct.

   Dr. Billings evaluated Pacheco April 12, 2010 (Tr. 362-68). She diagnosed pain disorder associated with both psychological factors and a general medical condition, major depressive disorder (recurrent, moderate), anxiety disorder NOS and alcohol dependence in sustained full remission. This is consistent with the ALJ's

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

findings at step two (Tr. 14). Dr. Billings notes Pacheco appeared to suffer severe stress due to "chronic pain, unemployment, marital distress" (Tr. 367). At the time, Pacheco and his spouse were attending marital counseling (Tr. 364). They later divorced.

The ALJ notes Dr. Billings' opinion is in "stark contrast" to the observations made by examining psychiatrists in 2009, 2010 and 2011, and by Dr. Martin, who reviewed the entire record. All of these sources opined Pacheco has no psychiatric restrictions that prevent work (Tr. 22-26, 281, 403, 702). This is a specific and legitimate reason, supported by substantial evidence, for giving Dr. Billings' opinion less weight. To the extent that other physicians' conflicting opinions rested on independent, objective findings, those opinions could constitute substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir 1989); *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985).

In addition, the ALJ is correct that Dr. Billings' notes contradict her opinion that Pacheco's social presentation is likely to be unacceptable. In this same report Dr. Billings indicates Pacheco regularly socializes with his spouse's family, sometimes goes out to lunch with friends, attends bible study, shops with his spouse, drives and attends church every Sunday. He believes he is able to get along well with coworkers. Dr. Billings indicates Pacheco is cooperative and makes good eye contact (Tr. 363-65).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 11

The ALJ properly rejected some of this examining psychologist's opinion because it is contradicted by the opinions of three different examining psychiatrists who performed their own tests and it is internally inconsistent. An opinion may be rejected because it is internally inconsistent. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  It is also inconsistent with other parts of the record. *See e.g.,* Tr. 396 (Pacheco told Dr. Robinson in April 2010 that, overall, he preferred his work as a meat cutter "because he is more of a social person and enjoyed the interaction with coworkers and customers").

Dr. Montgomery. With respect to Dr. Montgomery, Pacheco alleges the ALJ gave no reason for rejecting  his opinion that Pacheco should be off work due to PTSD and negative work experiences. ECF No. 16 at 17. The Commissioner responds that Dr. Montgomery did not offer an opinion regarding plaintiff's specific functioning and did not opine Pacheco has greater limitations than assessed by the ALJ. ECF No. 19 at 14-16.

Dr. Montgomery examined Pacheco in November 2008. He initially opined Pacheco was "perfectly capable" of gainful employment. He did not diagnose PTSD, but opined treatment was needed to manage anxiety and a vocational plan should be developed as soon as possible. He saw Pacheco six times after the evaluation. At the last appointment on July 27, 2009, Dr. Montgomery noted continued irritability and depressive symptoms, but improved on prozac. He increased the dose (Tr. 294-96,

299). Dr. Montgomery did not opine Pacheco's mental limitations would be disabling for twelve months. There is abundant evidence from examining psychologists who tested Pacheco, and other evidence, that shows he does not suffer mental limitations that inhibit his ability to work. Treating doctor Thysell indicated "I do not believe he suffers any significant mental health disorder" (Tr. 281, 305, 403, 592, 702).

Later obtained evidence. C. Donald Williams, M.D., examined Pacheco four days after the ALJ's adverse decision. The evidence was submitted to and considered by the Appeals Council. ECF No. 19 at 12, referring to Tr. 750-57.

The court must consider evidence presented for the first time to the Appeals Council when they consider it in determining whether to grant review, as they did here. This court considers the new evidence in the context of deciding whether the ALJ's decision is supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

After-the-fact psychiatric diagnoses are notoriously unreliable. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984); *Schauer v. Schweiker*, 675 F.2d 55, 60 n. 5 (2nd Cir. 1982). Dr. Williams' summary of the record is somewhat misleading. He indicates, for example, that examining psychiatrist McConnell "felt that he was impaired at a category 3 level at that time" (Tr. 751). However, Dr. McConnell's report goes on to note that from a psychiatric standpoint only, [he] does not have

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

1  workplace restrictions" (Tr. 280-81). The Commissioner observes that Dr. Williams'

2  notation Pacheco reported auditory hallucinations and the impairment is of recent

3  origin, meaning it is not relevant to the period adjudicated by the ALJ. It may,

4  however, provide the basis for filing a successive application.   Even if it pertained

5  to the relevant period. Dr. Williams' opinion does not provide substantial evidence

6  for finding the ALJ's opinion is not supported by substantial evidence.

7        Dr. Williams diagnosed, in part, major depressive disorder, single episode

8  severe, with psychotic features. Pacheco told Dr. Williams he had been "hearing

9  things" for the past six months (Tr. 750-59). Yet Pacheco did not describe this

10  phenomenon to any other medical professional during the six month period from

11  July 2011 until his January 31, 2012 evaluation by Dr. Williams. *See e.g*. Tr. 648,

12  667-92, 700-02, 708. The new evidence does not provide a basis for reversing the

13  ALJ's ultimate finding.

14        *C. Physical limitations*

15        Pacheco alleges the ALJ erred when she rejected the opinions of treating

16  medical doctors Fred Thysell, M.D., and Kaj Johansen, M.D. ECF No. 16 at 12-17.

17  The Commissioner responds that neither Johansen nor Thysell offered opinions on

18  Pacheco's specific functioning, but to the extent they did their opinions are

19  consistent with the ALJ's findings. ECF No. 19 at 6. [Dr. Montgomery's opinion is

20  addressed above.] Specifically, Pacheco alleges the ALJ rejected Thysell's opinion

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 14

because it may have relied on Plaintiff's subjective complaints and Thysell's opinion is contradicted by other medical opinions --  reasons Pacheco alleges are not legitimate. ECF No. 16 at 12-15. The Commissioner responds that Thysell recommended retraining and vocational assistance with returning to work, indicating he felt Pacheco is able to work. The Commissioner asserts that because the ALJ's step five finding is consistent with Dr. Thysell's opinion, any error would be harmless. ECF No. 19 at 7-8, citing  Tr. 16, 27-29, 564, 634, 648-49.  As support the Commissioner cites *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

In November 2009, treating surgeon John Adkinson, M.D., notes Pacheco had no symptoms after the right side carpal tunnel release and tendon rerouting healed post surgery. At the November 2009 appointment, Pacheco complained of left neck, shoulder, arm and hand pain. Adkinson opined the probability this pain was due to "overuse is highly unlikely." He notes Pacheco demonstrated a  lot of pain behavior (Tr. 335-36).  This is contrary to treating doctor Thysell's opinion that Pacheco's left side problems were caused by overuse. Dr. Adkinson, like many other doctors, notes the "dramatic amounts" of pain medication Pacheco is using  (Tr. 336).

In January 2010 Dr. Thysell opined Pacheco would never go back to his previous work and assistance with returning to work would likely be needed once maximum medical improvement was reached (Tr. 601). In February 2010 Thysell

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 15

opined this "is a little bit of an odd presentation" (Tr. 598). In July 2010 Thysell opined Dr. Johansen needed to perform a scalene muscle block to make a diagnosis of thoracic outlet syndrome, and, if she diagnosed it, she should perform left thoracic outlet decompression (Tr. 561). Although Thysell's opinion is contradicted by other medical opinions and other apparently objective evidence, Dr. Johansen performed this decompression surgery in February 2011 (Tr. 570). Another vascular surgeon, Daniel Neuzil, M.D., reviewed Pacheco's venogram and opined it was completely normal, and the operation performed by Dr. Johansen was unnecessary (Tr. 462, 467).

The ALJ considered test results when she weighed the medical evidence. These include an MRI on April 7, 2008, which showed only mild disc bulging at C5-6 and C6-7, without stenosis. On January 5, 2009, the result was the same. In February and March 2010, Brent Bingham, D.O., examined Pacheco and reviewed test results. He opined there was no evidence of nerve impingement and no objective findings for Pacheco's complaints. In April 2010, after orthopedic surgeon Alfred Blue, M.D., reviewed the records and examined Pacheco, he opined there was no evidence of thoracic outlet syndrome and the evidence was inconsistent with left carpal tunnel syndrome (Tr. 21-21, 284-85, 355, 359, 389, 391). The medical expert who testified, Richard Hutson, M.D., assessed an RFC for light exertion work, with no overhead lifting on the left side and use of hands post carpal tunnel release

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 16

1    limited to frequently but not continuously (Tr. 43). This is essentially the physical

2    RFC adopted by the ALJ. The ALJ notes that when considering Dr. Thysell's

3    opinion, it was impossible to ignore the multiple medical opinions to the contrary

4    that refute the severity and frequency of restrictions and limitations the claimant

5    alleged (Tr. 22).

6        Perhaps most significantly, Pacheco suffered injuries, including fractured ribs,

7    on May 27, 2011 in a motorcycle accident. Ten days later, on June 6, 2011, Dr.

8    Thysell indicates there is no change in the symptomology or functionality. No

9    mention is even made of the motorcycle accident (Tr. 486, 714). The ALJ notes that

10   as a "prescribing doctor of extreme amounts of opiates based on the self-reported

11   severe pain symptoms of the claimant, Dr. Thysell's conclusion the claimant is

12   disabled or permanently partially disabled with permanent job restrictions is not

13   convincing." (Tr. 21-22). Here, the amount of opiates and other medications

14   prescribed by Dr. Thysell is described by treating and examining sources as

15   "industrial-dose opiates" (Dr. Johansen); " dramatic amounts of pain medication"

16   and "clearly dependent on these" (Dr. Adkinson), and "extensive use of opioids"

17   (Dr. Bingham) (Tr. 336, 355, 407).

18       An opinion may properly be rejected if it is not based on objective medical

19   evidence. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).   An   opinion

20   may be discounted if it relies a claimant's unreliable self-report. *Bayliss v. Barnhart*,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 17

427 F.3d 1211, 1217 (9th Cir. 2005).   At least some of Dr. Thysell's assessment appears to be based on Pacheco's unreliable reporting.

The ALJ agreed with Dr. Thysell that Pacheco could not perform his past relevant work, as she found at step four. The ALJ properly rejected more severe limitations as unsupported by other objective evidence and by Pacheco's activities, and in light of his greatly diminished credibility.

With respect to Dr. Johansen, the Commissioner asserts that, to the extent she offered an opinion of Pacheco's functioning, there is no harmful error because Johansen's opinion is  also consistent with the ALJ's. ECF No. 19 at 6-10.

Pacheco testified Dr. Johansen limited lifting to five pounds. The ALJ notes the limitation was reasonable post thoracic outlet surgery, but not for the longitudinal record, and Pacheco never followed up with Dr. Johansen (Tr. 18). The record supports this finding. The ALJ notes Dr. Johansen's opinions were challenged by other acceptable sources who examined and performed testing. No other specialist could find a basis for Johansen's recommended thoracic outlet surgery (Tr. 21).

To the extent the ALJ rejected some of Dr. Johansen's opinion (and it is far from clear that the ALJ did, *see* step two and the RFC), her reasons are "specific and legitimate" and based on substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)(a treating doctor's contradicted opinion can only be rejected for

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 18

specific and legitimate reasons that are supported by substantial evidence in the record). An opinion that is brief, conclusory and inadequately supported by clinical findings is properly rejected. *Bayliss*, 427 F.3d at 1216. Here, the ALJ relied on the opinions of other examining and reviewing doctors, including the testifying medical expert who reviewed all of the records. Where the evidence is susceptible to more than one rational interpretation, it is the conclusion of the ALJ that must be upheld. *Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999)(citation omitted).

The ALJ properly weighed the contradictory evidence. The record fully supports the assessed RFC. The ALJ included a limitation of no overhead lifting with the left hand, consistent with Drs. Johansen's and Thysell's contradicted opinion that  Pacheco suffered left sided thoracic outlet syndrome prior to Johansen performing surgery in 2011. The ALJ limited right hand overhead lifting to occasional. Manipulative handling. fingering and feeling was limited to frequent, not continuous (Tr. 73). Multiple physical examinations throughout the relevant period fully support this RFC. *See e.*g., Tr. 286, 293, 335-36, 338-41, 356, 359;  at Tr. 387-93 (no medical restrictions assessed following April 2010 exam and record review); 460, 462-68. *See also* Tr. 478 (worsening pain this evening while on the computer, December 2, 2010), and Tr. 692 (able to work as meat department manager, following exam September 23,  2011) . Although Pacheco alleges the ALJ

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 19

should have weighed the evidence differently, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(internal citations omitted). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

  *C. Step five*

  Last, Pacheco alleges the ALJ failed to meet her burden at step five. ECF No. 16 at 19-20. The Commissioner accurately observes that this simply restates Pacheco's allegation that the ALJ erred when she weighed the evidence. ECF No. 19 at 20. The ALJ's determinations are supported by the record and free of harmful legal error.

**CONCLUSION**

  After review the Court finds the ALJ's decision is supported by substantial

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 20

1    evidence and free of harmful legal error.

2    **IT IS ORDERED:**

3    Defendant's motion for summary judgment, **ECF No. 19**, is **granted.**

4    Plaintiff's motion for summary judgment, ECF No. 16, is denied.

5    The District Court Executive is directed to file this Order, provide copies to

6    counsel, enter judgment in favor of defendant and **CLOSE** the file.

7    DATED this 24th day of February, 2014.

8                                    _S/ James P. Hutton_

9                                JAMES P. HUTTON
                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 21